IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., a Nevada corporation, et al.,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE S. GILLIS, individually and as trustee of the BRUCE S. GILLIS MD MPH INC. PENSION TRUST and as trustee of the CLOUD NINE AVIATION, LLC RETIREMENT TRUST,<br><br>Defendants.<br><br>v.<br><br>CHARLES SCHWAB & CO., INC.,<br>Intervenor/Interpleader Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE<br><br><br>Case No. 2:09-CV-314<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

Non-party Charles Schwab & Co., Inc. moves to intervene pursuant to Federal Rule of Civil Procedure 24.[1] Rule 24 provides that the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action . . . ."[2] The Court granted Schwab's motion on April 8, 2013.[3] Approximately ten days later, however, the Court set aside that order based upon the Pensions' counsel's "inadvertent[] fail[ure] to file a stipulation reflecting the agreement between the Pensions and Schawab regarding the enlargement"[4] of time to respond to the Motion to Intervene. The Pensions were granted an

---

[1] Docket no. 135.

[2] Fed. R. Civ. P. 24(a)(2) (2011 rev.).

[3] Docket no. 143.

[4] Mtn p. 3, docket no. 142.

extension until May 2, 2013 to file their opposition. That date has now passed over two months ago and as of the date of this decision there is still no record of an opposition being filed.

Accordingly, to help resolve this matter in a more timely manner and based upon Schwab's arguments, no opposition being filed to Schwab's Motion despite being given an extension of time to do so, and finding good cause, it is HEREBY ORDERED that Schwab's Motion to Intervene is GRANTED.[5] Schwab is ORDERED to file its Interpleader Complaint and to deposit the funds into the Court's registry within seven (7) days from the date of this order.

IT IS FURTHER ORDERED that Schwab is awarded its reasonable attorneys' fees and costs in connection with brining this motion.[6] Schwab is directed to file an affidavit with the Court outlining its reasonable costs and fees within twenty-one (21) days from the date of this order.

Finally, IT IS ORDERED that Schwab be dismissed from this action with prejudice following the entry of the Court's order regarding Schwab's reasonable costs and fees.

---

[5] As the Court noted in its earlier order, the Court need not consider the merits of the Interpleader Defendants' claims regarding the Funds as "jurisdiction in interpleader is not dependent upon the merits of the claims of the parties interpleaded." *Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.*, 448 F.2d 501, 504 (7th Cir. 1971) (quotations omitted). Additionally, the appeal that was pending as of the date of the Court's prior order has now been resolved by the Tenth Circuit in favor of the Receiver.

[6] *See U. S. Fidelity & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975) (noting the district court correctly followed the common practice that "ordinarily a fund so deposited [in interpleader] is chargeable with the reasonable fees incurred."); *Trs. of the Dirs. Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) ("The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court."); *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962) ("[T]he proper rule, in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading."); *First Sec. Bank of Utah, NA. v. Maxwell*, 659 P .2d 1078, 1082 (Utah 1983) (upholding award of interpleader-bank's fees to be paid from the funds deposited in court).

IT IS SO ORDERED.

DATED this 17 July 2013.

_____
Brooke C. Wells
United States Magistrate Judge