IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., a Nevada corporation, et al., <br><br> Plaintiff, <br> v. <br><br> BRUCE S. GILLIS, individually and as trustee of the BRUCE S. GILLIS MD MPH INC. PENSION TRUST and as trustee of the CLOUD NINE AVIATION, LLC RETIREMENT TRUST, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY FEES <br><br><br><br> Case No. 2:09-CV-314 <br><br> District Judge Dee Benson <br><br> Magistrate Judge Brooke Wells |

Before the Court is Charles Schwab & Co. Inc.'s Motion to Approve Amount of Attorneys' Fees and Costs.[1] Previously, the Court granted Schwab's Motion to Intervene and awarded Schwab "its reasonable attorneys' fees and costs" in connection with the Motion to Intervene.[2] Schwab has submitted an affidavit concerning its fees[3] and pursuant to Court order has also submitted the time records supporting Schwab's request.[4]

Schwab seeks $7,619.15 in fees and costs.[5] The Court has carefully reviewed the *in camera* submission, the motion and the accompanying affidavit. After a review of these

---

[1] Docket no. 173.

[2] Memorandum Decision and Order Granting Motion to Intervene p. 2, docket no. 151.

[3] Docket no. 173-1.

[4] Docket no. 188.

[5] In its *in camera* submission Schwab notes that it is not seeking the actual total of fees and costs but a reduced amount.

materials the Court finds that the fees sought by Schwab are reasonable and comparable to similar fees charged for such work.  The Court therefore

GRANTS Schwab's Motion to Approve Amount of Attorneys' Fees and Costs.  The Clerk is directed to disburse $7,619.15 to Schwab's counsel of record from the $34,052.73 Schwab previously deposited into the Court's registry.[6]

IT IS SO ORDERED

DATED this 3 October 2013.

*Brooke C. Wells signature*

Brooke C. Wells
United States Magistrate Judge

---

[6] *See* U. S. Fidelity & Guar. Co. v. Sidwell, 525 F.2d 472, 475 (10th Cir. 1975) (noting the district court correctly followed the common practice that "ordinarily a fund so deposited [in interpleader] is chargeable with the reasonable fees incurred."); *Trs. of the Dirs. Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) ("The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court."); *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962) ("[T]he proper rule, in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading."); *First Sec. Bank of Utah, NA. v. Maxwell*, 659 P .2d 1078, 1082 (Utah 1983) (upholding award of interpleader-bank's fees to be paid from the funds deposited in court).